Nov. Term,
1850.

Cecil
v.
Dynes.

---

### Cecil v. Dynes.

Under our statute, a bill may be filed to foreclose when any single note or instalment secured by the mortgage becomes due.

It is not necessary to set out the mortgage *in hæc verba ;* and a general statement of the matters intended to be offered in evidence is sufficient.

When a party is entitled to the inspection of the original papers referred to by the pleadings in general terms, it may be obtained by motion, but it is not necessary that profert should be made of such originals.

Tuesday,
November 26.

APPEAL from the *Delaware* Circuit Court.

Smith, J.—*Cecil* filed a bill in chancery on the 29th of *January*, 1849, to foreclose a mortgage, executed by *Dynes*, to secure the payment of three notes dated the 9th of *September*, 1847. One of the notes was for 562 dollars, to become due on the 1st of *March*, 1848; one for 500 dollars due on the 1st of *March*, 1849 ; and the third for 500 dollars due on the 1st of *March*, 1850.

The bill makes the notes, and a certified transcript of the record of the mortgage as recorded in the proper recorder's office, exhibits; and charges that the note payable on the 1st of *March*, 1848, remains wholly unpaid, and that no proceedings have been had at law or in equity to recover said debt.

There was a demurrer to the bill assigning for cause:

1st. That there is no profert or exhibit made in the bill of the mortgage-deed declared upon, or any excuse given;

2d. That the bill does not show, upon its face, such a cause as would entitle the party to the relief prayed for.

The demurrer was sustained, and the bill dismissed at the complainant's costs.

We think the Court erred in sustaining this demurrer. There is no brief for the defendant in error on file, and we are not informed upon what grounds the bill was held by the Court below to be insufficient. It appears to contain all the necessary averments, and it has been settled by several decisions that, under the statute, a bill may be filed to forclose when any single note or instalment secured by the mortgage becomes due.

With regard to the cause of demurrer first assigned, it was not necessary that the mortgage should have been set out *in hæc verba*. Story's Eq. Pl. s. 269. A general statement of the matters of fact intended to be offered in evidence by the complainant is sufficient. *Ib.* s. 28. It is true deeds or other documents may be filed as exhibits, and when properly referred to in the bill they become a part of it, but even supposing that, in this case, the certified copy of the mortgage would not have been admissible in evidence at the hearing in the absence of the original instrument, the making of it an exhibit is not a cause of demurrer. When a party is entitled to the inspection of the original papers or documents, referred to by the pleadings in general terms, it may be obtained by motion, but it is not necessary that profert should be made of such originals.

*Per Curiam.*—The decree is reversed with costs, &c.

*W. March*, for the appellant.